Jenny C. Huang, SBN 223596
JUSTICE FIRST
490 43rd Street, # 108
Oakland, CA  94609
Telephone: (510) 628-0695
E-mail: jhuang@justicefirst.net

Attorney for Plaintiff Jane Doe # 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE # 1<br><br>        Plaintiff,<br><br>  vs.<br><br>MARCUS JOHNSON, LUIS GONZALEZ, RICHARD MONTES, LAVELLE PARKER, RUSTY HICKETHIER, ANGELA KENT, JEFF MACOMBER, and DOE DEFENDANTS 1-20<br><br>        Defendants. | Case No.:<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PROCEED BY PSEUDONYM** |

Plaintiff Jane Doe #1 brings this motion for leave to proceed in this case by pseudonym. Good cause exists to grant this motion based on the need to (1) protect Plaintiff's privacy in this lawsuit that includes highly sensitive and personal details about her sexual abuse, (2) prevent retaliatory harm to Plaintiff who remains incarcerated at the prison where she was sexually abused, and (3) to encourage survivors of sexual assault to bring claims against their abusers. This motion is supported by the attached Declaration by Jenny Huang and a proposed order.

Date:  June 1, 2024                                **JUSTICE FIRST**

                                                */s/ Jenny Huang*
                                  By:   Jenny C. Huang
                                        JUSTICE FIRST
                                        490 43rd Street, # 108
                                        Oakland, CA  94609

                                Attorney for Plaintiff Jane Doe # 1

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is based on claims arising from the sexual assault of a prisoner by prison staff while she was incarcerated at the California Institution for Women ("CIW") in Corona, California. Plaintiff remains incarcerated at CIW and currently has a projected parole date in 2038. Declaration of Jenny Huang ("Huang Decl.") at ¶ 9. Plaintiff requests leave to proceed in this action by pseuodnym because this case is based on claims of sexual abuse, which are highly personal and sensitive in nature. This motion is based on Plaintiff's desire to maintain her privacy and remain anonymous in the public filings of this case. Plaintiff's motion is also based on her reasonable fear that disclosure of her identity in the public filings poses a risk of retaliation against her as she remains incarcerated in a prison environment where retaliation commonly occurs against prisoners who report staff for sexual abuse. Huang Decl. at ¶¶ 3-7.

Ordinarily, every civil complaint should include the actual name of all parties. Fed.R.Civ.Pro. 10(a). However, the Ninth Circuit will allow parties to use pseudonyms in unusual cases where nondisclosure is necessary to protect a person from "harassment, injury, ridicule, or personal embarrassment". *Does 1-22 v. Advanced Textile Corp.,* 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe,* 655 F.2d 920, 922, fn 1 (9th Cir. 1981). Federal courts in the Ninth Circuit typically allow parties to proceed by pseudonym when the need for anonymity outweighs any prejudice to the defendants and the public's interest in knowing the person's identity. *Id.* at 1068. *See, e.g., Doe v. California,* No. 23-cv-1226-JLT-SAB, 2023 U.S.Dist. LEXIS 158590 at *5, 2023 WL 5806772 (E.D.Cal. Sept. 7, 2023) (granting motion for pseudonym to protect prisoner suing for sexual assault by prison guard); *Doe v. Rose,* No. CV-15-07503 at *3-4, 2016 U.S.Dist. LEXIS 188930 at *3-4, 2016 WL 9137645 (C.D.Cal. June 17, 2016) ("Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape"); *Doe v. Penzato,* No. CV10-5154, 2011 U.S.Dist. LEXIS 51681 at *6-13, 2011 WL 1833007 (N.D.Cal. May 13, 2011) (allowing human trafficking and sexual battery victim to proceed by pseudonym).

The Ninth Circuit has generally allowed parties to proceed with a pseudonym in three circumstances: (1) to preserve privacy in matters that are highly sensitive or personal in nature,

(2) to prevent a risk of retaliatory harm, either physical or mental, and (3) if a party is compelled to admit information that may pose a risk of criminal prosecution. *Advanced Textile Corp,* 214 F.3d at 1068.  First, Plaintiff's motion is based on the need to protect her privacy.  Plaintiff's claims of sexual abuse include highly personal and graphic details about sexual acts she was forced to perform on her abuser that she understandably seeks to keep private. (ECF No. 1 at ¶¶ 17-18, 21; Huang Decl. at ¶ 8.)  There is no prejudice to Defendants by allowing Plaintiff to proceed with a pseudonym because her identity was previously disclosed to the prison by way of grievances and a prison investigation. (Huang Decl. at ¶ 14.)  Plaintiff seeks anonymity in the public filings only and her identity will be known to Defendants through the course of this litigation.

      Second, Plaintiff's motion is based on her need to prevent retaliatory harm. When evaluating the need for anonymity to protect from retaliation, the follow factors will be considered: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *Advanced Textile Corp,* 214 F.3d at 1069.  As detailed in the supporting declaration below, CIW prisoners reasonably fear retaliation when they report staff sexual misconduct including false disciplinary charges, threats of criminal charges, solitary confinement (aka Administrative Segregation), involuntary transfers to the other women's prison in Northern California, excessive cell or body searches, denial of visiting, or denial of access to the courts and to counsel. (Huang Decl. at ¶¶ 3-7, 10-11.)  Based on Plaintiff's status as a prisoner incarcerated at a prison that has documented incidents of retaliation against prisoners who report staff sexual misconduct, the factors for retaliatory harm weigh strongly in her favor.

      Finally, Plaintiff's motion is based on what at least one federal court has recognized as the public interest in "encouraging victims of sexual assault to bring claims against their assailants". *Doe v. Rose, supra*, at *8-9 (C.D. Cal. June 17, 2016).  In addition to protecting Plaintiff's privacy and preventing retaliatory harm to her, this motion should be granted based on the equally strong public interest of protecting survivors of sexual assault who pursue their rights against their abusers.

Date:  June 1, 2024					JUSTICE FIRST

					_/s/ Jenny Huang_____
					By:	Jenny C. Huang
						JUSTICE FIRST
						490 43rd Street, # 108
						Oakland, CA  94609

					Attorney for Plaintiff Jane Doe #1

### DECLARATION OF JENNY HUANG

I, JENNY HUANG, declare:

1. I am an attorney at law duly licensed to practice before this Court and the attorney of record in the above-captioned action for Plaintiff Jane Doe #1.

2. I have over 25 years of experience with prisoners' litigation in both California and New York and am very familiar with circumstances that arise for prisoners when they file a lawsuit while incarcerated.

3. I have more than ten years of experience litigating cases on behalf of female prisoners incarcerated at the California Institution for Women ("CIW") (in Corona, California) who were sexually abused by prison staff.  In the course of representing and advocating on behalf of CIW prisoners who were survivors of staff sexual abuse, I became very familiar with the situations that can arise for prisoners when they report staff for sexual misconduct and/or when prisoners proceed with a lawsuit without anonymity.

4. From 2023-24, I served on a California Legislative Working Group on the Prevention and Response to Sexual Abuse in California Women's Prisons. As part of my service on that working group, I became very familiar with the circumstances facing survivors of sexual abuse in the two women's prisons in California, including CIW.  In November 2023, I participated in three days of Town Hall at the women's prisons in California on the sexual abuse of prisoners.  On November 13, 2024, I participated in the Town Hall at CIW, during which our working group met with hundreds of CIW prisoners who shared their experiences with sexual abuse by staff at CIW.

5. When prisoners report prison staff for sexual misconduct, it is an unfortunate reality that they will typically face retaliation in some form or another. Examples of retaliatory actions that I have personally encountered with clients in my legal or advocacy work include physical harm, solitary confinement (aka Administrative Segregation), false disciplinary charges, threats of criminal charges, involuntary transfers to the other women's prison that typically isolate prisoners from their families and loved ones, excessive cell or body searches, denial of visiting, or denial of access to the courts and to counsel.

6. In March 2024, the California Legislative Working Group on the Prevention and Response to Sexual Abuse in California Women's Prisons published its report to the Legislature. Retaliation for reporting staff sexual abuse was among the concerns and priorities raised in the legislative report, including retaliatory prison transfers and housing moves.[1]

7. By way of example, a former client, who was incarcerated at CIW, was subjected to an involuntary prison transfer after she complained that the Warden was denying her constitutional right of access to the court in a strip search lawsuit. The retaliation against my client became so severe that I was required to file a separate lawsuit to challenge her prison transfer that resulted in her solitary confinement for nearly 1 ½ years. *Caruso v. Hill, et al.,* Case No. 1-20-cv-00084 (AWI)(EPG) (E.D.Cal. 2020).

8. Based on my experiences litigating and/or advocating on behalf of CIW prisoners, as well as my experience serving on the legislative working group, I believe that the public disclosure of Plaintiff's identity in this case would raise a serious risk of emotional harm and possible retaliation to Jane Doe #1.

9. Plaintiff is currently incarcerated at CIW, the prison where she was sexually abused by prison staff. Plaintiff's current projected parole date is 2038.

10. From the outset, Jane Doe #1 was extremely private about the sexual abuse she endured by CIW prison staff. The details about her sexual abuse are very graphic and involve

---

[1] The March 2024 report to the Legislature by the California Legislative Working Group on the Prevention and Response to Sexual Abuse in California Women's Prisons is publicly available at https://www.sisterwarriors.org/prison_sexualassault_report. (*See* Legislative Report at p.56.)

highly personal and sensitive information about the sexual acts she was forced to perform with her abuser. Plaintiff wishes to keep private these graphic details about her sexual abuse.

11. CIW is known among its prisoners as a prison where retaliation is the only reliable response that can be expected when a prisoner reports staff sexual misconduct. Like all CIW prisoners who I have represented, Jane Doe # 1 has always had reasonable fear that she will be subject to retaliation for reporting her abuser and for proceeding with a lawsuit against him and the prison staff and officials who protected and condoned his sexual abuse of prisoners.

12. In addition to legal research that prisoners can do by way of their prison's law library, it is my understanding that CIW prisoners now have CDCR-approved access to a legal database by way of state issued tablets. Based on conversations that I have had with prisoners, I believe that prisoners are now able to search for case information in a limited legal database.

13. Although increased access for prisoners to legal resources is a positive improvement, it poses a risk of exposure for prisoners who sue for staff sexual misconduct. In the prison environment, especially at CIW, prisoners are typically subject to retaliation by prison staff and other prisoners if they are known to have pending lawsuits and are then labeled as "a snitch". While prison staff may retaliate to protect their co-workers, other prisoners may also retaliate if they had benefitted from inappropriate interactions with the abuser

14. It is my understanding that Jane Doe #1 filed grievances and participated in the prison's investigation against her abuser, wherein she disclosed her identity prior to filing this lawsuit.

I declare under penalty of perjury under applicable law that the foregoing is true and correct and that this declaration was executed this 1ST day of June 2024 in Denver, Colorado.

           */s/ Jenny Huang*
           Jenny C. Huang
           Attorney for Plaintiff Jane Doe #1