UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>        v.<br><br>MARCUS JOHNSON, et al.,<br><br>                Defendant. | No. 2:24-cv-01542-DJC-AC<br><br>**ORDER** |

Presently before the Court is Plaintiff's ex parte Motion to Proceed under a Pseudonym.[1]  Plaintiff seeks to proceed under a pseudonym as the case involves allegations of sexual abuse which raise issues of privacy and safety of Plaintiff.  For the reasons stated below, the Court grants Plaintiff's Motion (ECF No. 2).

## LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the

---

[1] Plaintiff did not file this motion explicitly as an ex parte request.  However, it was filed without being noticed on the calendar or proof of service and before Defendants have appeared in the action.  Accordingly, the Court will view this, at this stage, as an ex parte motion.

1

real party in interest."). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). This may be the case where a pseudonym is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68. "Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, No. 15-cv-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases).

## DISCUSSION

Plaintiff here has brought claims partially stemming from sexual abuse allegedly inflicted on her by Defendant Johnson. (*See* Compl. (ECF No. 1) at 6–7.) The factual allegations include descriptions of "sexual acts she was forced to perform on her abuser . . . ." (Mot. at 3.) Plaintiff states she wants to keep this information private from public filings and that Defendants will know of her identity regardless as a result of filed grievances and resulting a prison investigation. (*Id.*) She also indicates that she wishes to prevent "retaliatory harm" for reporting staff misconduct which Plaintiff claims is a common concern among California Institution for Women prisoners. (*Id.*)

The Court finds good cause to grant Plaintiff's request at this stage of the proceedings based on the sensitive nature of the allegations and the fact Defendants will not suffer prejudice as Plaintiff's identity will be known due to her prior grievances. The court will reconsider the issue should Defendants object once they have appeared in this action. *See Doe v. County of San Joaquin*, 2:24-cv-00899-CKD, 2024 WL 1344677, at *1 (E.D. Cal. Mar. 29, 2024).

////

////

////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 2) is GRANTED, subject to reconsideration should Defendants object once they have appeared in this action.

IT IS SO ORDERED.

Dated:   **July 1, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – doe24cv01542.pseudonym