UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. 2:24-cv-1542 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| MARCUS JOHNSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding through counsel, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has paid the filing fee.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), regardless of whether plaintiff is represented by counsel, In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners."). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915A(b).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

II.   First Amended Complaint

The first amended complaint alleges that the California Institution for Women (CIW), where plaintiff has been incarcerated since 2015, has a long and well-documented history of correctional officers sexually abusing prisoners with few repercussions. ECF No. 11 at 5-6. Against that backdrop, plaintiff asserts twelve causes of action against defendants Johnson, Montes, Gonzalez, Parker, Hickethier, Kent, Macomber, and Does 1-20 based on two separate instances of sexual assault by Johnson in 2020. Id. at 5-28. Johnson and Montes are sued in their individual capacities; Gonzalez is sued in his individual and official capacities; and Parker, Hickethier, Kent, and Macomber are sued in their official capacities. Id. at 2-4.

In spring of 2020, plaintiff worked in the kitchen where Johnson was her supervisor. Id. at 7. Johnson caught plaintiff taking fresh vegetables from the kitchen and told her he would write her up. Id. After plaintiff expressed her concerns about getting written up and asked if she could take do extra duty instead of being written up, Johnson took her to into the bathroom where he forced her to perform oral sex on him before slamming her against the wall and raping her. Id. at 7-8. While raping her, Johnson threatened plaintiff by telling her that if she reported him no one would believe her and he would say she sexually assaulted him, subjecting her to criminal charges. Id. at 8. During a second incident in June 2020, Johnson demanded that plaintiff perform oral sex on him, which she did out of fear of what he would do if she did not comply. Id.

As a result of Johnson's abuse, plaintiff suffered from anxiety and panic attacks and required emergency mental health treatment due to extreme anxiety and suicidal ideation. Id.  When plaintiff requested mental health and other support services under the Prison Rape Elimination Act (PREA), CIW failed to provide them in a timely and appropriate manner. Id. at 9.

Johnson was well-known at CIW for sexually abusing prisoners, and at least four other complaints were made against Johnson in 2020 for sexual abuse. Id.  Prior to his assault of plaintiff, Johnson received a promotion after being accused of sexually abusing at least one other prisoner. Id. at 10.  Plaintiff further alleges that Gonzalez and Montes knew or should have known she was at risk of being sexually abused by Johnson, and that they violated policy by referring the investigation of Johnson to CIW's Investigative Services Unit (ISU) instead of to the Office of Internal Affairs (OIA). Id. at 9-10.  ISU staff were not properly trained to investigate allegations of staff sexual abuse and were inherently conflicted due to personal relationships many had with the accused staff members. Id. at 10.  During the investigation, ISU staff harassed and threatened Johnson's victims, including plaintiff, and the investigation was not referred to OIA until several years after the allegations against Johnson were made. Id.  Although plaintiff was supposed to be informed as to whether investigators believe she had been abused and any action had been taken against Johnson, she was not notified that her allegations against Johnson had been sustained until four years after the abuse, and she has still not been informed by CIW staff about any action taken against Johnson. Id. at 11, 14.  During that time she experienced severe anxiety, fear of retaliation, and other severe emotional distress. Id. at 11.

As Warden of CIW, Montes was required to be immediately notified about any allegations of sexual misconduct and served on the Institutional PREA Review Committee, where he was required to conduct an incident review, and he was responsible for overseeing matters handled by the ISU. Id. at 11-12.  Montes' indifference to his responsibilities and failure to ensure compliance with CDCR regulations and policies regarding the investigation into alleged sexual misconduct encouraged the rampant and ongoing sexual abuse of prisoners by CIW staff. Id. at 11-13.  He further knew or should have known that Johnson was being considered for promotion despite allegations against him for sexual abuse, and the authorization of the promotion condoned

and encouraged Johnson's continued abuse of prisoners. Id. at 13.  Montes also failed to implement adequate hiring policies to prevent the hiring of sexual predators and adequate training to prevent, detect, and respond to sexual abuse by staff.  Id.

As the CIW PREA Compliance Manager, Gonzalez had various responsibilities in relation to every PREA incident, including conducting reviews for compliance and determining any necessary follow up, monitoring for and addressing any retaliation following a PREA report, and collecting and reporting on staff sexual misconduct investigations on a monthly basis. Id. at 13-14.  Gonzalez failed to carry out his responsibilities, including taking appropriate action against Johnson, which led to plaintiff's injury and created an ongoing risk of further abuse by contributing to and encouraging the culture of sexual abuse at CIW. Id. at 14-15.  He is named in in individual capacity, as well as his official capacity for purposes of injunctive relief. Id. at 3.

Plaintiff remains incarcerated at CIW and has named Macomber, Parker, Kent, and Hickethier in their official capacities only for the purpose of obtaining injunctive relief at CIW and within the CDCR. Id. at 15-17, 29-30.  Macomber is the Secretary of the CDCR, Parker is the current Acting Warden at CIW, Kent is the Associate Director of Female Offender Programs and Services of the Division of Adult Institutions, and Hickethier is the PREA Coordinator for the CDCR. Id. 15-16.

III.     Discussion

A. Claim I: Official Capacity Eighth Amendment Claims

Plaintiff asserts an Eighth Amendment claim for sexual abuse against defendants Macomber, Kent, Hickethier, Parker, and Gonzalez in their official capacities for the purposes of obtaining injunctive relief at both CIW and throughout the CDCR.  ECF No. 11 at 18-19.  The complaint sufficiently alleged that the policies and practices at CIW and the CDCR led to the violation of her constitutional rights and that Macomber, as the Secretary of the CDCR, has authority over all other named defendants and the necessary authority to effect all requested injunctive relief.  See Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) ("a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief"

4

(citations omitted). Macomber will therefore be required to respond to the complaint. However, because official-capacity claims are treated as a suit against the entity, naming multiple employees of the same agency is generally redundant and unnecessary and the claims against Parker, Hickethier, Kent, and Gonzalez should be dismissed. See Thomas v. Baca, 703 F. App'x 508, 512 (9th Cir. 2017) (district court did not err in granting judgment on the pleadings for official-capacity claims against county supervisors because they were duplicative of official-capacity claim against sheriff); Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." (citations omitted)).

### B. Claims II, III, VII, IX: Individual Capacity Eighth Amendment Claims, Sexual Assault and Battery, and Negligence

Plaintiff alleges individual capacity Eighth Amendment claims against Johnson, Montes, and Gonzales, as well as claims for negligence and sexual assault and battery based on Johnson's sexual abuse and Montes' and Gonzales' failure to protect her from that abuse. ECF No. 11 at 19-21, 24-26. The complaint sufficiently states claims for negligence and violation of plaintiff's Eighth Amendment rights against Johnson based on his sexual abuse of plaintiff and against Montes and Gonzalez for their failure to protect plaintiff from that abuse.[1] See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms" prisoners have a clearly established Eighth Amendment right to be free from sexual abuse.); Farmer v. Brennan, 511 U.S. 825, 837 (1994) (Eighth Amendment failure to protect claim requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety"); Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998) (elements of negligence are duty to use reasonable care, breach of duty, and breach is the proximate cause of

---

[1] Plaintiff's claim against Montes and Gonzalez is cognizable insofar as it appears to be based upon defendants' own personal involvement, despite the labeling of the claim as one under a theory of supervisory liability. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (citation omitted)).

5

plaintiff's injury); Giraldo v. Cal. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 252 (2008) ("jailers owe prisoners a duty of care to protect them from foreseeable harm").

The complaint also states cognizable claims for sexual assault and battery against Johnson, but it fails to state cognizable claims against Montes or Gonzalez because there are no facts demonstrating that they had a sexually offensive contact with plaintiff, and they are not liable for an injury caused by another person's conduct. See Cal. Civ. Code § 1708.5 (a person commits sexual battery when they act with intent to cause a harmful or offensive contact with another or to cause imminent apprehension of such contact and a sexually offensive contact between the person and the victim results or they cause contact with a sexual organ from which a condom has been removed and the removal was without consent); Cal. Gov't Code § 820.8 ("Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.").

Accordingly, Johnson will be required to respond to plaintiff's Eighth Amendment, sexual assault and battery, and negligence claims. Montes and Gonzalez will also be required to respond to the Eighth Amendment and negligence claims, but the sexual assault and battery claims against them should be dismissed.

### C. Claim IV: Gender Violence (California Civil Code § 52.4)

Plaintiff asserts a claim for gender violence under California Civil Code § 52.4 against defendants Johnson, Montes, and Gonzalez. ECF No. 11 at 22. Section 52.4 defines gender violence as

> a form of sex discrimination and means either of the following:
>
> (1) One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.
>
> (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

Cal. Civ. Code § 52.4(c). This section does not establish civil liability based on a person's status

6

as an employer "unless the employer personally committed an act of gender violence." Cal. Civ. Code § 52.4(e).

Plaintiff has sufficiently pled a claim for gender violence against defendant Johnson. However, there are no facts demonstrating that Montes or Gonzalez personally committed an act of gender violence, and plaintiff therefore fails to state a claim against them.

### D. Claims V and VI: Bane Civil Rights Act (California Civil Code § 52.1) and Ralph Act (California Civil Code § 51.7)

The complaint asserts that all defendants violated California Civil Code § 52.1, also known as the Tom Bane Civil Rights Act (Bane Act), and California Civil Code § 51.7, also known as the Ralph Civil Rights Act of 1976 (Ralph Act). ECF No. 11 at 22-23. In order to state a claim under the Bane Act, "[a] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015) (citations omitted). To state a claim under the Ralph Act, a plaintiff must show that (1) defendant committed or threatened to commit violent acts against plaintiff; (2) defendant was motivated by his perception of plaintiff's sex; (3) plaintiff was harmed; and (4) defendant's conduct was a substantial factor in causing plaintiff's harm. Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 880-81 (2007) (quoting former California Civil Jury Instruction (CACI) No. 3023[2]); CACI No. 3063 (setting out elements of a claim under § 51.7).

Plaintiff has sufficiently alleged claims against Johnson under the Bane Act and Ralph Act and he will be required to respond to these claims. She has not, however, alleged facts showing that Montes or Gonzalez interfered with her rights by way of "threats, intimidation or coercion" or that they threatened to commit or committed violent acts against her. She therefore fails to state claims under either Act against Montes and Gonzalez. Additionally, because plaintiff names Macomber, Parker, Hickethier, and Kent in their official capacities only, her Bane Act and Ralph

---

[2] CACI 3023 has since been renumbered as CACI 3063.

Act claims against them are barred by sovereign immunity and should be dismissed. See <u>Hall v. Hawaii</u>, 791 F.2d 759, 761 (9th Cir. 1986) ("Absent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against that state, or one of its agencies or departments, based on state law." (citation omitted)); <u>Hartmann</u>, 707 F.3d at 1127 (official capacity suit is a suit against the state); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984) (<u>Ex parte Young</u> exception is "inapplicable in a suit against state officials on the basis of state law").

### E. Claim VIII: False Imprisonment

The complaint alleges a claim for false imprisonment against Johnson. ECF No. 11 at 24-25. "[T]he tort consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." <u>Fermino v. Fedco, Inc.</u>, 7 Cal. 4th 701, 715 (1994) (citation and internal quotation marks omitted). Plaintiff is a convicted prisoner and therefore subject to incarceration and control by the California Department of Corrections and its employees. However, the allegations are sufficient to demonstrate that Johnson exceeded the scope of his lawful privilege to control plaintiff and therefore state a claim for relief.

### F. Claim X: Negligent Hiring, Training, and Supervision and Respondeat Superior Liability (California Government Code § 815.2)

Plaintiff asserts a claim of negligent hiring, training, and supervision and respondeat superior liability against defendant Montes under California Government Code § 815.2. ECF No. 11 at 26-27. Section 815.2 provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment." However, Montes is an individual, not a public entity, making § 815.2 inapplicable to him, and "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8. Therefore, to the extent this claim is based upon the conduct of Montes' staff and employees, plaintiff fails to state a claim for relief. To the extent the claim is based upon Montes' own conduct in hiring, training, and supervising his subordinates, the claim may proceed. See <u>C.A. v. William S. Hart Union High Sch. Dist.</u>, 53 Cal. 4th 861, 875-77 (2012) (public school administrators may be held legally

responsible for negligence in hiring, retaining, and supervising staff because of special relationship they had with plaintiff, a student under their supervision).

### G.  Claim XI: Negligence Per Se

Plaintiff asserts a claim for negligence per se against Montes, Gonzalez, and Johnson. ECF No. 11 at 27-28.  However, "[n]egligence per se is an evidentiary doctrine, rather than an independent cause of action." Jones v. Awad, 39 Cal. App. 5th 1200, 1210 (2019) (citation omitted).  "The doctrine does not provide a private right of action for violation of a statute. Instead, it operates to establish a presumption of negligence for which the statute serves the subsidiary function of providing evidence of an element of a preexisting common law cause of action." Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256, 1285-86 (2006) (citations omitted); see also Elsner v. Uveges, 34 Cal. 4th 915, 927 n.8 (2004) (negligence per se refers to the concept of borrowing statutes "for one of two purposes: (1) to establish a duty of care, or (2) to establish a standard of care" (citations omitted)).  Therefore, while plaintiff may pursue negligence per se as a theory of negligence, to the extent plaintiff attempts to state an independent claim for negligence per se separate from her general negligence claim, the claim is not cognizable.

### H.  Claim XII: Intentional Infliction of Emotional Distress

Plaintiff asserts a claim for intentional infliction of emotional distress against Montes, Gonzalez, and Johnson. ECF No. 11 at 28.  The elements of a prima facie claim for intentional infliction of emotional distress are as follows: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982) (citations omitted).  For conduct to be outrageous, it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.  "It is not enough that the conduct be intentional and outrageous.  It must be conduct *directed at the plaintiff*, or occur in the presence of a plaintiff *of whom the defendant is aware*." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1002 (1993)

(emphasis in original) (quoting Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991)). "The requirement that the defendant's conduct be directed primarily at the plaintiff is a factor which distinguishes intentional infliction of emotional distress from the negligent infliction of such injury." Christensen, 54 Cal. 3d at 904.

Plaintiff's allegations clearly state a claim for relief against Johnson. Additionally, at the screening stage, she has also sufficiently alleged claims against Montes and Gonzalez, even if they were not aware that plaintiff, specifically, was one of the prisoners under Johnson's supervision. See Potter, 6 Cal. 4th at 1002-03 (conduct could be directed at plaintiffs, even if defendant "did not know the particular names of any individual" whose water was contaminated if it "actually knew of these particular plaintiffs and their consumption of the water").

I. Doe Defendants

The complaint names Doe defendants 1-20 as parties and asserts various claims against them. ECF No. 11 at 4-5, 20, 22-28. Though the use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). In this case, plaintiff makes only conclusory allegations that Doe defendants have violated her rights without identifying any specific conduct by any particular Doe defendant. There is nothing in the complaint that would allow the court to connect any specify Doe defendant with conduct that would support a violation of plaintiff's rights and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). This same defect applies to plaintiff's state law claims, as the court is unable to determine whether any Doe defendant engaged in conduct that would satisfy the elements of the various state law claims plaintiff asserts.

IV.   Conclusion

The court has screened the first amended complaint and found that plaintiff has stated the following claims: (1) an official capacity Eighth Amendment claim against Macomber; (2)

individual capacity Eighth Amendment, negligence, and intentional infliction of emotional distress claims against Johnson, Montes, and Gonzalez; (3) sexual assault and battery, gender violence, false imprisonment, Bane Act, and Ralph Act claims against Johnson; and (4) a claim for negligent hiring, training, and supervision against Montes as set forth above.  Plaintiff may elect to either (1) proceed on the first amended complaint as screened and voluntarily dismiss the other defendants and the claims against Macomber, Johnson, Montes, and Gonzalez that were found to be non-cognizable or (2) amend the complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The complaint states viable claims against defendants Macomber, Johnson, Montes, and Gonzalez as set forth above.

2. Plaintiff has the option to proceed immediately on her cognizable claims or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall notify the court how she would like to proceed.

DATED: October 7, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE