1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JANE DOE,                                      No.  2:24-cv-1542 DJC AC P

12                    Plaintiff,

13          v.                                        ORDER

14    MARCUS JOHNSON, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding through counsel, seeks relief pursuant to 42 U.S.C.

18    § 1983 and state law and has paid the filing fee.

19    I.     Statutory Screening of Prisoner Complaints

20          The court is required to screen complaints brought by prisoners seeking relief against "a

21    governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a),

22    regardless of whether plaintiff is represented by counsel, In re Prison Litig. Reform Act, 105 F.3d

23    1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by

24    prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is

25    represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by

26    prisoners.").  The court must dismiss a complaint or portion thereof if the prisoner has raised

27    claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted,"

28    or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C.

1

1  § 1915A(b).

2       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

3  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

4  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

5  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

6  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

7  that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

8  550 U.S. at 570).  "Failure to state a claim under § 1915A incorporates the familiar standard

9  applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."

10  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

11       II.       Second Amended Complaint

12       The second amended complaint alleges that the California Institution for Women (CIW),

13  where plaintiff has been incarcerated since 2015, has a long and well-documented history of

14  correctional staff, including correctional cooks, sexually abusing the prisoners with few

15  repercussions.  ECF No. 27 at 2, 4-6.  Against that backdrop, plaintiff asserts eleven causes of

16  action against defendants Johnson, Montes, Gonzalez, Macomber, and Does 1-20 based on two

17  separate instances of sexual assault by Johnson in 2020.  Id. at 6-27.  Johnson, Montes, and

18  Gonzalez are sued in their individual capacities while Macomber is sued in his official capacity.

19  Id. at 2-3.  Doe defendants are identified as Investigative Services Unit (ISU) staff responsible for

20  conducting staff investigations.  Id. at 5, 10.

21       In spring of 2020, plaintiff worked in the kitchen where Johnson was her supervisor.  Id.

22  at 6.  Johnson caught plaintiff taking fresh vegetables from the kitchen and told her he would

23  write her up.  Id. at 7.  After plaintiff expressed her concerns about getting written up and asked if

24  she could take do extra duty instead of being written up, Johnson took her to into the bathroom

25  where he forced her to perform oral sex on him before slamming her against the wall and raping

26  her.  Id.  While raping her, Johnson threatened plaintiff by telling her that if she reported him no

27  one would believe her and he would say she sexually assaulted him, subjecting her to criminal

28  charges.  Id.  During a second incident in June 2020, Johnson demanded that plaintiff perform

1    oral sex on him, which she did out of fear of what he would do if she did not comply.  Id. at 7-8.

2    As a result of Johnson's abuse, plaintiff suffered from anxiety and panic attacks and required

3    emergency mental health treatment due to extreme anxiety and suicidal ideation.  Id. at 8.  When

4    plaintiff requested mental health and other support services under the Prison Rape Elimination

5    Act (PREA), Gonzalez, Montes, and Doe defendants failed to provide them in a timely and

6    appropriate manner.  Id. at 9.  They further prevented her from seeking counseling from the local

7    rape crisis center because such calls were required to be done from the ISU office, which was a

8    threatening and intimidating environment for survivors who reported staff sexual abuse.  Id.

9            Sexual abuse by supervising cooks has been a known problem at CIW since 2017, and

10   Gonzalez, Montes, and Doe defendants have failed to take appropriate action against accused

11   staff, perpetuating the culture of abuse.  Id. at 8-9.  Johnson specifically was well known at CIW

12   for sexually abusing prisoners, and at least four other complaints were made against Johnson in

13   2020 for sexual abuse.  Id.  Prior to his assault of plaintiff, Johnson received a promotion after

14   being accused of sexually abusing at least one other prisoner.  Id. at 10.  Plaintiff further alleges

15   that Gonzalez and Montes knew or should have known she was at risk of being sexually abused

16   by Johnson, and that they violated policy by referring the investigation of Johnson to CIW's ISU

17   instead of to the Office of Internal Affairs (OIA).  Id. at 10.  ISU staff were not properly trained to

18   investigate allegations of staff sexual abuse and were inherently conflicted due to personal

19   relationships many had with the accused staff members.  Id.  During the investigation, Doe ISU

20   staff harassed and threatened Johnson's victims, including plaintiff, and the investigation was not

21   referred to OIA until several years after the allegations against Johnson were made.  Id.  Although

22   plaintiff was supposed to be informed as to whether investigators believed she had been abused

23   and any action had been taken against Johnson, she was not notified that her allegations against

24   Johnson had been sustained until four years after the abuse, and she has still not been informed by

25   CIW staff about any action taken against Johnson.  Id. at 11, 15.  During that time she

26   experienced severe anxiety, fear of retaliation, and other severe emotional distress.  Id. at 11.

27           As Warden of CIW, Montes was required to be immediately notified about any allegations

28   of sexual misconduct and served on the Institutional PREA Review Committee, where he was

1    required to conduct an incident review, and he was responsible for overseeing matters handled by

2    the ISU.  Id. at 11-12.  Montes indifference to his responsibilities and failure to ensure

3    compliance with CDCR regulations and policies regarding the investigation into alleged sexual

4    misconduct encouraged the rampant and ongoing sexual abuse of prisoners by CIW staff.  Id. at

5    11-13.  He further knew or should have known that Johnson was being considered for promotion

6    despite allegations against him for sexual abuse, and the authorization of the promotion condoned

7    and encouraged Johnson's continued abuse of prisoners.  Id. at 13.  Montes also failed to

8    implement adequate hiring policies to prevent the hiring of sexual predators and adequate training

9    to prevent, detect, and respond to sexual abuse by staff.  Id.

10        As the CIW PREA Compliance Manager, Gonzalez had various responsibilities for every

11    PREA incident, including conducting reviews for compliance and determining any necessary

12    follow up, monitoring for and addressing any retaliation following a PREA report, and collecting

13    and reporting on staff sexual misconduct investigations on a monthly basis.  Id. at 13-14.

14    Gonzalez failed to carry out his responsibilities, including taking appropriate action against

15    Johnson, which led to plaintiff's injury and created an ongoing risk of further abuse by

16    contributing to and encouraging the culture of sexual abuse at CIW.  Id. at 14-15.

17        Plaintiff remains incarcerated at CIW and has named Macomber, Secretary of the CDCR,

18    in his official capacity only for the purpose of obtaining injunctive relief at CIW and within the

19    CDCR.  Id. at 15-16, 27-28.

20    III.    Discussion

21        The allegations of the second amended complaint are largely identical to those contained

22    in the first amended complaint, except that plaintiff has removed claims and defendants that were

23    previously screened out and added facts related to the conduct of the Doe defendants and their

24    general identities.  Compare ECF No. 11 with ECF No. 27.  After conducting the required

25    screening, the court finds that the second amended complaint has stated viable claims for relief

26    against defendants Johnson, Montes, Gonzalez, Macomber, and Does 1-20, and they will be

27    required to respond to the complaint.  However, the Doe defendants will not be required to

28    respond until plaintiff has filed an amended complaint substituting named individuals for the Doe

1  defendants.  Additionally, although defendant Johnson has been served (ECF No. 15 at 5), he has

2  yet to appear in this action.[1]  Plaintiff will therefore be required to serve Johnson with a copy of

3  the second amended complaint and this order.

CONCLUSION

5      In accordance with the above, IT IS HEREBY ORDERED that:

6      1.  The second amended complaint states viable claims against defendants Macomber,

7  Johnson, Montes, Gonzalez, and Doe Defendants 1-20 as set forth above;

8      2.  Within twenty-one days of the filing of this order, defendants Macomber, Montes, and

9  Gonzalez shall respond to the complaint; and

10     3.  Within fourteen days of the filing of this order, plaintiff shall serve a copy of the

11  second amended complaint and this order on defendant Johnson and file a certificate of service.

12  Defendant Johnson shall respond to the complaint within twenty-one days of service.

13  DATED: December 5, 2024

14  _____
    ALLISON CLAIRE
15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

---

[1]  Defendants Montes, Gonzalez, and Macomber have been served and counsel has appeared on
28  their behalf.  ECF Nos. 15, 17, 21.

5